July 12, 2018

Hon. Jesse M. Furman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Grande Communications Networks LLC v. BMG Rights Management (US) LLC*,
        No. 1:18-mc-00315-JMF (S.D.N.Y.)

Dear Judge Furman:

Pursuant to the Court's Order of July 5, 2018, the parties present this letter with their respective positions on the following issues regarding the above-referenced miscellaneous case.

## 1.     Transfer to Western District of Texas

The parties agree that this matter should proceed in the Southern District of New York. The parties do not believe that transfer of this matter to the United States District Court for the Western District of Texas would be necessary or efficient.

## 2.     Whether this Matter Can Be Resolved without Full Briefing

*Grande* – Grande does not believe that full briefing is necessary.[1] The parties can present the issues fully to the Court at the hearing on July 17, 2018.

*BMG* – BMG would like the opportunity to address Grande's motion to compel in full given the scope and propriety of the information requested. While BMG provided a high-level summary of its arguments below, given the page limits set forth in ECF No. 3, BMG cannot fully address all of the issues raised in Grande's 8 pages of argument in its motion to compel. Thus, BMG respectfully requests the opportunity to submit a written response. BMG will also be prepared to discuss the issues at the hearing on July 17, 2018.

*Cox* – Cox believes that full briefing is necessary to ensure that each of the issues Grande presented in its Motion to Compel are adequately addressed. Accordingly, Cox respectfully requests the opportunity to submit a written response. Cox will also be prepared to discuss the issues at the hearing before Your Honor on July 17, 2018.

## 3.     How this Matter Should Be Resolved

*Grande* – This matter should be resolved with an order compelling the immediate production of the Rightscorp related testimony and documents from the *BMG v. Cox* lawsuit, including

---

[1] BMG and Cox's detailed arguments on the merits in Section 3 of this letter (which the Court's Order of July 5, 2018 did not request) demonstrates why full briefing is not necessary.

following: (1) transcripts and exhibits from all testimony by William Rosenblatt, Barbara Frederiksen-Cross, Greg Boswell, Chris Sabec, Christopher Rusinski, and Robert Steele; (2) Rightscorp documents reflecting the Rightscorp technology for detecting alleged infringement and sending notices to ISPs, communications with Rightscorp about flaws in its system, and documents reflecting BMG's contractual relationship with Rightscorp. These documents are readily identifiable, are believed to be in the current possession of BMG and/or its counsel, and are narrowly tailored to the needs of the underlying case between Grande and the plaintiffs. For the reasons discussed in Grande's motion to compel (ECF No. 1), BMG's and Cox's objections should be overruled.

*BMG* – The Court should order the limited production of non-duplicative information related to the operation and functionality of Rightscorp's system and Grande's motion to compel should be denied in all other respects. Rightscorp is the common denominator between both matters, which involve different plaintiffs and different defendants. This is best evidenced by the fact that Grande subpoenaed Rightscorp (before BMG) and seeks to depose Rightscorp personnel.

From the outset, BMG has been willing to provide information related to Rightscorp's infringement detection system. In response to Grande's subpoena, BMG offered to provide Grande with the entire deposition of Greg Boswell (the developer of Rightscorp's infringement detection system) and those portions of the transcripts of Christopher Sabec (Rightscorp), Robert Steele (Rightscorp) and Barbara Frederickson-Cross (BMG's technical expert who opined on both Rightscorp's system and Cox specific material) that address the operation and functionality of the Rightscorp system. Grande instead, seeks full transcripts and exhibits, including expert reports of these and other witnesses, which go far beyond the functionality of the Rightscorp system, are irrelevant, and contain both BMG's and Cox's confidential business information.[2]

Irrelevant BMG Documents:  To further illustrate the overbreadth of Grande's subpoena, Grande is asking for documents reflecting BMG's relationship with Rightscorp. BMG is not a party to the *UMG v. Grande* case, and thus, any relationship between BMG and Rightscorp is wholly irrelevant to the claims and defenses in the *UMG v. Grande* case. The only basis of relevance articulated by Grande for this information was the reputation of Rightscorp. BMG's relationship with Rightscorp has no relevancy on the reputation of Rightscorp.

Third-Party Documents:  Grande also seeks to compel BMG to produce another third-party's (Cox's) confidential business information and transcripts and expert reports for witnesses under Cox's control. As noted below, Cox objects to the production of this information.

Documents Outside BMG's Control:  Grande also seeks to compel information that is not in the possession, custody, or control of BMG – a fact that Grande is aware of yet continues to pursue. Grande is asking this Court to compel "communications with Rightscorp in BMG's possession relating to flaws, defects, problems or limitations in the Rightscorp technology and system." ECF No. 1 at 4. BMG has told Grande multiple times that it is not aware of any communications in its possession, custody, or control relevant to this request and thus, there is no information to compel. ECF No. 1-4.

---

[2] The *BMG v. Cox* case was remanded for retrial by the 4th Cir. Court of Appeals and will be retried on August 28, 2018 in the Eastern District of Virginia.

<u>Duplicative and Burdensome Information</u>:  Grande also seeks information duplicative of information sought from UMG's agent, Rightscorp.  Grande is asking this court to compel BMG to produce Rightscorp documents relating to Rightscorp's system.  ECF No. 1.  However, Grande also sought this same exact information from Rightscorp.  *See* Ex. A at Request Nos. 5-12.  Any information BMG obtained related to Rightscorp's system came from Rightscorp.  It would be wasteful and burdensome to require BMG to examine over 30,000 pages of document productions to locate documents that Grande can or has obtained directly from Rightscorp.

*Cox* – Grande's subpoena seeks documents and information which goes far beyond the Rightscorp system.  Simply put, information concerning Cox's trade secrets, business practices and technology functions is not relevant to the *UMG v. Grande* case.  With this in mind, Cox made good faith efforts to compromise and consented to the production of nearly all of the information requested by Grande so long as the above-mentioned irrelevant and sensitive Cox information was excluded from any productions.  Grande did not accept this and is instead continuing to insist on whole, un-redacted documents which contain information that is beyond the scope of the claims in the *UMG v. Grande* case.  Grande has provided no explanation as to why Cox's proprietary and confidential information is necessary or relevant to the issues it is litigating concerning the Rightscorp system because it cannot.

With this backdrop, Cox is of the view that it should not be compelled to comply with Grande's overbroad subpoena and instead, the Court should modify the subpoena to include only those documents (or portions of documents) narrowly related to Rightscorp's system and exclude from any production Cox's confidential and proprietary information.

Furthermore, Cox should not be compelled to produce expert reports, transcripts and related materials pertaining to those experts Cox retained in the *BMG v. Cox* case and who may have opined on the Righstcorp system.  Grande maintains that this information "is critical to Grande's investigation into the nature, capabilities, and limitations of Rightscorp's system for monitoring BitTorrent activity."  ECF No. 1.  Cox incurred substantial expense to retain these experts through private and voluntary agreements and Grande has no right to obtain that work product and intellectual property of Cox via a subpoena to BMG simply because the Rightscorp system may be at issue in the *UMG v. Grande* case.  If Grande would like to obtain expert opinions on the Rightscorp system, it is free to do so, however, Grande's attempt to obtain this information for free through a subpoena to BMG is not proper and disrupts the arrangement between Cox and the experts and denies the experts the value of their services.

Grande's motion to compel should be denied in all other respects.

Very truly yours,

*/s/ Nicholas B. Clifford, Jr.*
Nicholas B. Clifford, Jr.
Armstrong Teasdale LLP
7700 Forsyth Blvd. #1800

St. Louis, MO 63105
314-259-4711
nclifford@armstrongteasdale.com
*Attorneys for Grande Communications Networks LLC*


*/s/ Stephanie Roberts*_____
Michael Allan
Stephanie Roberts
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, D.C. 20036
202-429-3000
mallan@steptoe.com
sroberts@steptoe.com
*Attorneys for BMG Rights Management (US) LLC*


*/s/ Seth E. Spitzer*_____
Seth E. Spitzer
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
212-294-5375
sspitzer@winston.com
*Attorney for Cox Communications, Inc.*